# A. T. Hamilton, Exr., Plff. in Err., v. John Baum, Admr.

A married woman's judgment note for the purchase money of land is valid, although it contains no recital of the consideration.

Parol evidence is admissible to prove the consideration.

In a feigned issue to establish the consideration of a married woman's judgment note, evidence that, on the day the note was given by the defendant to the plaintiff, the plaintiff executed to her a deed of land, in which he recited a consideration for a greater sum than the judgment note raises a presumption that the note was for the purchase money of the land; and this presumption, in the absence of evidence tending to connect the note with any other transaction, is sufficient to sustain a verdict for the plaintiff.

(Decided October 4, 1886.)

Error to the Common Pleas of Mifflin County to review a judgment on a verdict for the plaintiff in a feigned issue. Affirmed.

Cited in Breckwaldt v. Morris, 149 Pa. 293, 24 Atl. 300, holding judgment not subject to collateral attack on ground of coverture of defendant.

NOTE.—Judgments and mortgages may be shown to be for purchase money, though not so expressed upon their face. Cake's Appeal, 23 Pa. 186, 62 Am. Dec. 328; Cohen's Appeal, 10 W. N. C. 544. But when given to other than the vendor, this cannot be done to affect the lien of another mortgagee, who has first recorded his mortgage, where the fact does not appear upon its face, and there was nothing to affect him with knowledge of its character. Albright v. Lafayette Bldg. & Sav. Asso. 102 Pa. 411.

As to admissibility of parol evidence to show consideration for deed, see editorial note to Velten v. Carmack, 20 L. R. A. 101, presenting in full the authorities on that question.

This was a feigned issue by John Baum, administrator *d. b. n. c. t. a.* of David Bloom against A. T. Hamilton, executor of Margaret G. Hamilton, deceased, who survived John Hamilton, deceased, to ascertain the consideration of a judgment entered in 1865 upon a note signed by Margaret Hamilton and John Hamilton. The judgment was duly revived by sci. fa. in 1880.

In 1884, at the instance of A. T. Hamilton, executor, the judgment was opened and this issue was awarded. The order of the court was as follows:

"It being admitted that Margaret G. Hamilton was a *feme covert* when the judgment was confessed, the court makes the rule absolute and opens the judgment and directs an issue to ascertain whether the consideration of the judgment was the conveyance of a house and lot by the original plaintiff to Margaret G. Hamilton; the judgment to stand for a *narr.* and the defendant to plead *non assumpsit.*"

At the trial the plaintiff's counsel offered in evidence the judgment and the note on which the judgment was entered, dated the 6th day of March, 1865, drawn by Margaret G. Hamilton and John Hamilton to David Bloom for $1,200, payable $500 on the first day of July, 1866, $500 on the first day of July, 1867, $200 on the first day of July, 1868, with interest on the whole from the 1st day of March, 1865; to be followed by evidence that a deed was executed by David Bloom and wife bearing the date of the judgment for a house and lot on Dorcas street, in the borough of Lewistown, to Margaret Hamilton, for the consideration of $2,200.

Defendant's counsel objected: first, that the judgment note did not set out that it was for purchase money; second, that the judgment itself bears interest from a date prior to the conveyance mentioned in the offer of the plaintiff; third, that the prothonotary had no authority to enter judgment in this case against a married woman, unless the paper itself showed her liability; and that it is void as to the defendant, a married woman.

The court admitted the evidence, saying: "It is conceded that the maker of the note, Margaret Hamilton, was a *feme covert* at the time it was executed. We are trying a feigned

issue to ascertain simply what the consideration of the judgment was, it being conceded that unless the consideration of the judgment was the purchase money of real estate conveyed by the payee in the note to the wife, the maker, that it would be void.

"The plaintiff offers in evidence a deed for real estate conveyed by plaintiff to the defendant, bearing the same date as does the disputed judgment; and we think that is a circumstance to go to the jury to enable them to determine whether the consideration of the judgment was for part purchase money of this property, as the case now stands. Of course if the defendant can show that the consideration is referred to some other transaction outside of the conveyance of the real estate, the proof would amount to nothing; but we take it that it is our duty to submit it to the jury in order to enable them to determine the question; and for that reason we overrule the objection and admit the evidence."

The evidence adduced at the trial is sufficiently set forth in the charge of the court to the jury, which was as follows:

"This is a feigned issue to try the consideration of a certain judgment entered in this court to number 33, April term, 1865. The plaintiff alleges that the judgment was given to secure a part of the purchase money of certain real estate conveyed by David Bloom, the payee in the judgment, to Margaret Hamilton, one of the defendants.

"It is the settled law that a married woman cannot execute a valid obligation for the payment of money for any consideration under the sun, other than for the purchase money of real estate sold to her. Equity will sustain a judgment given by her to secure the purchase money of real estate conveyed to her, because it would be wrong to permit her to acquire the title to real estate sold to her without the payment of the purchase money. But even in such a case the obligation cannot be enforced against any other property she may have. Its collection must be enforced against the real estate alone that the obligation was given to secure.

"It is not denied but admitted that Margaret Hamilton, the defendant, was a *feme covert* when she executed the judgment note in dispute. The burden of proof is therefore upon the

plaintiff, to satisfy the conscience of the jury affirmatively by the evidence that the disputed note was given in part payment of real estate conveyed to her by the payee. She denies this, and if the judgment was not given for this purpose plaintiff cannot recover.

"[I decline to instruct you, as the learned counsel for the defendant has requested me to do, that the judgment is void because it was given by a married woman and fails to disclose on its face that it was given for purchase money. The sole question in the issue is the consideration of the judgment. It may be that if the judgment disclosed on its face that it was given by a married woman, it would be void because the consideration was not expressed on it. Such is not the case here. The judgment on its face is apparently valid. Parol evidence that the defendant was a *feme covert* when it was executed is invoked to defeat it; and for that reason the same kind of evidence is to be received to sustain it and establish a valid consideration. I charge you that the judgment is good, although it does not show on its face that it was given for purchase money, inasmuch as it does not appear to be against a married woman on its face, provided the evidence satisfies you that such was the fact. If you find from the evidence that such was the consideration, you will find for the plaintiff.] I have already told you that if it was given for anything else whatever, it is void, and you ought to find for the defendant.

"[The plaintiff gave in evidence a deed from Bloom, the payee in the note, to the defendant, by which he conveyed to her a house and lot of ground situate on Dorcas street, in this town. The deed is dated March 6, 1865, the very day the note in dispute was executed. The consideration in the deed is $2,200, and it is receipted for in the deed. Nevertheless the contention of the plaintiff is that the consideration money was not actually paid at the time, but that the disputed note was given to secure $1,200 of the purchase money that remained unpaid. It is insisted that you ought to find this, in the absence of evidence that the note was given for some other consideration. The only evidence that we have of any transaction between these parties is the giving of the conveyance, and the execution of the disputed note.

"The principle on which the plaintiff relies for your verdict is that he has given evidence of a transaction to which the consideration of the note can be referred; and that you ought to do so in the absence of evidence indicating that it referred to some other transaction. It is for you to say under all the evidence whether the note was given for the purchase money of real estate. The defendant has given no evidence to show that the note was given for some other consideration, or that it grew out of a different transaction. This is the only transaction in which the parties are brought together by the evidence. It is true the defendant contends that the receipt in the deed shows that the consideration money was fully paid at the time of its execution. On the other hand, the plaintiff contends that the experience of every-day life tells us that a receipt for the purchase money is contained in every deed; yet the truth is that obligations are often taken for the payment of the purchase money recited in the deed either in whole or in part.]

"The whole evidence is for the jury. The plaintiff must satisfy you affirmatively by the evidence that the consideration of the judgment was the purchase money of the land conveyed. If he has done this to your satisfaction, you will find for him. If he has not, and you believe that the judgment was given for any other consideration whatsoever, you will find for the defendant."

The verdict was for the plaintiff; whereupon, the defendant took this writ and assigned as error the admission of the plaintiff's evidence and the portions of the charge inclosed in brackets.

*J. A. McKee,* for plaintiff in error.—The deed from David Bloom and wife to Margaret G. Hamilton contained a receipt in full of the consideration money therein mentioned, signed by David Bloom, and was prima facie evidence that the property was paid for at the time of its delivery, and would have warranted the court in striking the judgment off as void. Gibson v. Winslow, 46 Pa. 384, 84 Am. Dec. 552.

The court threw the burden of proof upon the defendant, to show what the judgment was given for, and substantially held that unless the defendant could show some other business deal-

ings between the parties to which this judgment could refer, it would properly be referable to this purchase from David Bloom. This was error.

But this judgment on its face shows that it could not have reference to the purchase money of the house and lot mentioned in the deed, for it provides for interest from a time before the conveyance was made. It is error to submit to the jury a fact of which there is no evidence. Calvert v. Good, 95 Pa. 65.

There was no allegation of fraud, accident, or mistake in making the judgment bond to draw interest from March 1, 1865, or in dating the deed on the 6th day of March, 1865, and the law declares the writings to be not only the best but the only evidence. Martin v. Berens, 67 Pa. 459.

Every judgment against a married woman which does not show her liability on its face is void. Swayne v. Lyon, 67 Pa. 436; Caldwell v. Walters, 18 Pa. 79, 55 Am. Dec. 592; Keiper v. Helfricker, 42 Pa. 325; Steinman v. Ewing, 43 Pa. 63; Glyde v. Keister, 32 Pa. 85; Mahon v. Gormley, 24 Pa. 83; Dorrance v. Scott, 3 Whart. 309, 31 Am. Dec. 509.

The plaintiff must set out such facts in his pleadings as bring the case within some of the exceptions contained in the act of April 11, 1848, in order to charge the real estate of a *feme covert.* Parke v. Kleeber, 37 Pa. 251; Murray v. Keyes, 35 Pa. 384; Loomis v. Fry, 91 Pa. 396; Hugus v. Dithridge Glass Co. 96 Pa. 163.

It was only necessary for us to deny our liability, until it was shown affirmatively (either by the instrument itself or by an admission on our part) that this obligation was given for purchase money, in order to defeat this claim. Hecker v. Haak, 88 Pa. 238; Gould v. McFall, 111 Pa. 66, 1 Cent. Rep. 853, 2 Atl. 403; Quinn's Appeal, 86 Pa. 447; Berger v. Clark, 79 Pa. 340.

This judgment is not simply voidable. It is absolutely void. Quinn's Appeal, 86 Pa. 447; Dorrance v. Scott, 3 Whart. 309, 31 Am. Dec. 509; Swayne v. Lyon, 67 Pa. 436.

*D. W. Woods & Son,* for defendant in error.—Cited and relied upon Ramborger v. Ingraham. 38 Pa. 146.

PER CURIAM:

The evidence was sufficient to carry this case to the jury.    It was submitted in a clear and correct charge.    The law was correctly declared.    There was more than a scintilla of evidence to justify the verdict.    The presumption arising from clearly established facts was not rebutted by any evidence whatever.

Judgment affirmed.